MATTER OF SAVETAMAL

In Section 212 (e) Proceedings

A–13981887

*Decided by Regional Commissioner May 8, 1969*

Exceptional hardship within the meaning of section 212(e) of the Immigration and Nationality Act, as amended, is established by an exchange alien whose lawful permanent resident spouse, a medical doctor, would be forced to give up an established career and start over again upon his return to the United States after a two-year absence, should he accompany her abroad; should he remain in this country, he would be faced with the unusual hardship of maintaining two households and, further, their U.S. citizen child, approximately two years of age, would be deprived of the affection, emotional security and direction of its father which is most important during its formative years.

This case is before me on appeal from the decision of the District Director who denied the application April 4, 1969 on the ground that "exceptional hardship" as contemplated by the statute had not been established.

The applicant, a medical doctor, is a citizen of Thailand, born September 21, 1935 in Bangkok. She was admitted to the United States as an exchange visitor June 24, 1963. She is married to Dr. Charoen Savetamal a lawful permanent resident alien of the United States. They have a United States citizen daughter born June 4, 1967 at Raleigh, West Virginia. As an exchange alien, the applicant is required by law to reside and be physically present in Thailand for a period of at least two years following her departure from the United States unless a determination is made that the foreign residence requirement would impose "exceptional hardship" upon her resident alien spouse or citizen child.

The applicant's spouse is a medical doctor who has established a practice at Beaver Dam, Wisconsin. The record contains a letter from the Chairman of the Dodge County Health Planning Committee which states that he is the only urologist in the community. Compliance with the foreign residence requirement by the

applicant would result in an exceptional hardship to the resident alien spouse should he accompany her abroad as he would be forced to give up an established career and start over again upon his return to the United States after a two year absence. Should he remain in the United States, he would be faced with the unusual hardship of maintaining two households. Furthermore, the United States citizen child would be deprived of the affection, emotional security and direction of its father which is most important during its formative years. Under these circumstances I believe the waiver should be granted.

*It is ordered* that the appeal be sustained and that the District Director seek the necessary favorable recommendation by the Department of State.

*It is further ordered* that the case be processed to completion consistent with this order and the recommendation of the Department of State.